# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD SANDERS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED)** |

Plaintiff Richard Sanders ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a Washington class and Federal Labor Standards Act ("FLSA") collective action for failure to pay for rest breaks, minimum wage, and other labor violations. As more fully described herein, Defendant Western Express, Inc. ("Defendant") paid Plaintiff and class members on a per mile driven basis. Defendant's pay plan failed to compensate Plaintiff and other drivers for rest breaks or minimum wage for non driving activities. Plaintiff seek among other things, all wages, and statutory remedies.

## PARTIES

2.      Plaintiff Richard Sanders was, at all relevant times, a resident and citizen of Washington.  Plaintiff Sanders was employed by Defendant from approximately December 2019 through August 2020 as a driver.

3.      Defendant Western Express, Inc. is a transportation company, that is authorized to conduct and is actually conducting business in the State of Washington, and that designates its main office in Tennessee.

4.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

5.      Plaintiff is informed and believe and thereon allege that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest

2

**CLASS ACTION COMPLAINT**

and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in part in the State of Washington. At least one Defendant is a citizen of a state outside of Washington, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA").  The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA.  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

7.      Plaintiff and the Class worked as drivers for Defendant transporting goods in trucks.  Defendant paid Plaintiffs and Class members on a per mile basis.

8.      Plaintiffs and class members were not paid for rest breaks because Defendant's "piece rate," or per mile, pay plan failed to compensate for rest breaks, and failed to treat rest breaks as "on the employer's time," in violation of Washington Administrative Code §296-126-092(4).

9.      Because Plaintiffs and Class members are primarily paid on a per mile basis, they are for the large part only paid for driving time, and are not compensated for non-driving time work performed by Plaintiffs and Class members.  The non-driving time Plaintiffs and Class members worked for Defendant and were not compensated for includes, but is not limited to, pre and post trip inspections, meetings, waiting for loading or unloading of goods transported, training, driving back with empty loads (also known as dead heading), and while on the road, away from home, for over 24 hours.  Defendant's failure to compensate Plaintiffs and Class members for all time worked violates Revised Code of Washington §49.46.020.

10.     Defendant's conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation.  Plaintiffs and Class members experienced these violations each

1    qualifying shift they worked because of the nature of Defendant's pay plan.

2        11.    Plaintiffs are informed and believes, and on that basis alleges, that

3    Plaintiff and the Class did not knowingly submit to the wage violations alleged

4    herein.  Revised Code of Washington §49.52.070 provides that employers who

5    violate Washington's minimum wage laws under the circumstances present in this

6    case are liable for double the amount of wages improperly withheld.  Pursuant to

7    Revised Code of Washington §49.52.080, there exists a presumption of

8    willfulness.

9        12.    Defendant failed to pay Plaintiff and other class members minimum

10   wage in compliance with the Federal Labor Standards Act ("FLSA").  Pursuant to

11   29 C.F.R §785.22(a), Plaintiff and similarly situated drivers must paid for all non-

12   driving time when on the road for over 24 hours.  Plaintiff and collective and class

13   members regularly drove for Defendant and were on the road for over 24 hours,

14   without being compensated federal minimum wage, in violation of 29 C.F.R

15   §785.22(a).  Plaintiff is informed and believes, and on that basis alleges, that

16   Defendant fails to pay its drivers for all on duty time, or for rest breaks less than 20

17   minutes, in violation of 29 C.F.R. §785.18.  Plaintiff is informed and believes, and

18   on that basis alleges, Defendant fails to pay its drivers for all compensable

19   orientation and training time.

20       13.    Plaintiff and all similarly situated drivers are victims of a single,

21   similarly applied employer-based compensation policy. In violation of

22   Washington law and the FLSA, that policy has been applied, and continues to be

23   applied, to all Defendant's drivers.

24       14.    Plaintiff is a member of and seeks to be the representative for the

25   Class of similarly situated employees who all have been exposed to, have suffered,

26   and/or were permitted to work under, Defendant's unlawful employment practices

27   as alleged herein.

28

**CLASS ACTION COMPLAINT**

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

15.    Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **Washington Class**:  All current or former Washington residents who worked for Defendant as drivers at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class.
>
> **FLSA Class**:  All current or former United States residents who worked for Defendant as drivers at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class.

16.    Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

17.    This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23 and other applicable law, as follows:

18.    **Numerosity of the Class:**  Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

19.    **Existence of Predominance of Common Questions of Fact and Law:**  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

a.  Whether Defendant's pay plan fails to compensate for rest break time;

5

**CLASS ACTION COMPLAINT**

  b. Whether Defendant's failure to pay for rest break time was willful;

  c. Whether Plaintiffs and each member of the Class were not paid minimum wage for time worked during the Class period;

  d. Whether Defendant's failed to compensate for orientation and training time;

  e. The nature and extent of class-wide injury and the measure of damages for the injury.

  20. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver for Defendant, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendant during the liability period.  Plaintiff and the members of the class she represents sustained the same types of damages and losses.

  21. **Adequacy:** Plaintiff is adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intend to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

  22. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not.

**CLASS ACTION COMPLAINT**

Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23.    The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY REST BREAKS UNDER WASHINGTON LAW
### (Against All Defendants)

24.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

25.    Revised Code of Washington §49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7

**CLASS ACTION COMPLAINT**

26.     Revised Code of Washington §49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the State of Washington under conditions of labor detrimental to their health."  Under Revised Code of Washington §49.12.005 and Washington Administrative Code §296-126-002, conditions of labor "means and includes the conditions of rest . . . periods" for employees.

27.     Washington Administrative Code §296-126-092(4) provides as follows:  "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

28.     At all times relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Washington Class members the amounts owed.  Specifically, Defendant pays drivers on a per mile basis, and thus does not provide paid rest break time.  This conduct violates Washington law as alleged in this cause of action.

29.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated class members, and Defendant has done so continuously throughout the filing of this complaint.

30.     As a direct and proximate result of Defendant's violation Washington rest break law, Plaintiff and other Washington Class members have suffered harm and money damages.  Plaintiff, on behalf of himself and on behalf of the Washington Class, seeks damages for unpaid rest breaks, at their regular rate of pay, and all other relief allowable, including all unpaid wages, double damages, and attorney's fees.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE UNDER WASHINGTON LAW
**(Against All Defendants)**

31.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

8

**CLASS ACTION COMPLAINT**

32.     Revised Code of Washington §§49.46.020 and 49.46.120 establish Washington State's minimum wage standards.

33.     Revised Code of Washington §49.46.090 provides: "Any employer who pays any employee less than wages to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

34.     As set forth herein, Defendant failed to compensate Plaintiff and Class members for non-driving time, and thus violated Washington's minimum wage laws.

35.     Defendant's actions alleged herein have violated Washington minimum wage laws, and Defendant is therefore liable to Plaintiff and the Washington Class for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## THIRD CAUSE OF ACTION
## WILLFUL REFUSAL TO PAY WAGES UNDER WASHINGTON LAW
### (Against All Defendants)

36.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

37.     Defendant's have denied Plaintiff and the Washington Class wages and benefits of employment, as alleged herein, in violation of Revised Code of Washington §49.52.050.  Defendant is, therefore, liable to Plaintiff for all such pay and other improperly deducted, rebated wages or unpaid earnings, and double damages, under Revised Code of Washington §49.52.070.

38.     Plaintiff and the Washington Class have been deprived of  wages and/or compensation, and Defendant is are liable for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

9

## FOURTH CAUSE OF ACTION
## FEDERAL LABOR STANDARDS ACT
### (Against All Defendants)

39.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

40.    At all relevant times herein, Plaintiff and the FLSA Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

41.    The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

42.    Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

43.    Defendant pay plan applicable to all members of the FLSA class pays drivers on a per-mile basis, and does not pay for non-driving time.  Defendant's compensation fails to pay minimum wage to its drivers under federal law, when accounting for business expenses not reimbursed.  In addition, pursuant to 29 C.F.R §785.22(a), while on the road for over 24 hours, Plaintiff and FLSA Class members were on duty for 24 or, at a minimum, but were not compensated at the federal minimum wage for all hours worked.  Defendant knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

44.    Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

45.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the

10

FLSA exemptions apply to Plaintiff or other similarly situated drivers.

46. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

47. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. A declaration Defendant is financially responsible for notifying all Class members of its wage and hour violations;

11

C. Appoint Plaintiff as class representative;

D. Appoint the undersigned as class counsel;

E. Declare the actions complained of violate Washington law;

F. Award Plaintiffs and the class compensatory damages, including lost wages;

G. Award Plaintiffs and the class damages and/or compensation for unpaid rest breaks;

H. Award Plaintiffs and the class all minimum wages owed;

I. Award double damages pursuant to Revised Code of Washington §49.50.050.

J. For all applicable statutory penalties under Washington law;

K. An order allowing other similarly situated drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the FLSA;

L. An award of damages in the amount of unpaid minimum wages at the federal minimum wage rate to the FLSA Class;

M. Liquidated damages for the FLSA Class;

N. An order enjoining Defendants from further unfair and unlawful business practices and requiring them to comply with the FLSA;

O. Prejudgment interest at the maximum legal rate;

P. Reasonable attorneys' fees;

Q. Accounting of Defendant's records for the liability period;

R. General, special and consequential damages, to the extent allowed by law;

**CLASS ACTION COMPLAINT**

S.  Costs of suit; and

T.  Such other relief as the Court may deem just and proper.

DATED:  August 28, 2020                **HAFFNER LAW PC**

By:    /s/ Joshua H. Haffner
       Joshua H. Haffner, WSBA #53292
       Graham G. Lambert, WSBA #55761
       445 South Figueroa Street, Suite 2625
       Los Angeles, California 90071
       Telephone: (213) 514-5681
       Facsimile: (213) 514-5682
       Email:  jhh@haffnerlawyers.com

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for herself and the Class members on all claims so triable.

DATED:  August 28, 2020                **HAFFNER LAW PC**


By:     /s/ Joshua H. Haffner
        Joshua H. Haffner, WSBA #53292
        Graham G. Lambert, WSBA #55761
        445 South Figueroa Street, Suite 2625
        Los Angeles, California 90071
        Telephone: (213) 514-5681
        Facsimile: (213) 514-5682
        Email:  jhh@haffnerlawyers.com

**CLASS ACTION COMPLAINT**

## CONSENT TO BECOME A PARTY PLAINTIFF

### Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to bring an action for violations of the Fair Labor Stands Act, 29 U.S.C. §§ 201-219 and any other applicable federal laws or regulations, on behalf of myself and all others similarly situated, in a lawsuit to be filed against Western Express Inc.

Richard Sanders
_____
Name

4590 Thrall Rd
_____
Address

Ellensburg     Wa          98926
_____
City          State          Zip

_____
Signature