FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD SANDERS,<br><br>  Plaintiff,<br><br>  v.<br><br>WESTERN EXPRESS, INC.,<br><br>  Defendant. | No. 1:20-CV-03137-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER** |

Before the Court is Defendant's Motion to Transfer, ECF No. 14. The Court held a videoconference hearing on the motion—along with Defendant's Motion to Dismiss, ECF No. 13[1]—on February 5, 2021. Plaintiff was represented by Graham Lambert, who appeared via videoconference, and Defendant was represented by Adam Smedstad, who also appeared via videoconference. Defendant argues that this matter should be transferred to the Middle District of Tennessee, either under the first-to-file rule or under 28 U.S.C. § 1404. Plaintiff opposes the motion, and argues that the case should remain in this Court. Having reviewed the briefing and the applicable case law, the Court denies the motion to transfer.

## Facts and Procedural History

Plaintiff alleges violations of the Federal Labor Standards Act, the Washington Industrial Welfare Act, the Washington Minimum Wage Act, and the

---

[1] The Motion to Dismiss will be addressed in a separate forthcoming Order.

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER \* 1**

Washington Consumer Protection Act. Defendant, a corporation headquartered and incorporated in Tennessee, is a freight transportation company that provides trucking services across the United States and Canada. The majority of Defendant's non-driver employees live and work in Tennessee and the majority of Defendant's operations occur east of the Mississippi River. Plaintiff, a resident of Washington State, was employed as a truck driver by Defendant from December 2019 through August 2020. He alleges that he and his proposed class were paid on a per mile basis and were not compensated for rest breaks or non-driving time work as required by both Washington and federal law. He also alleges that he and his class were "on duty" for twenty-four hours in violation of federal law. He seeks damages including loss of wages and compensation. To provide the hook for his Washington state law claims, Plaintiff's complaint describes one instance in which he drove from Tulare, California to Lacey, Washington—over nine hundred miles—but received no compensation for his work. This was also the last week Plaintiff worked for Defendant as a truck driver.

Plaintiff filed his original complaint on September 1, 2020. ECF No. 1. Defendants filed a motion to transfer, ECF No. 7, and a motion to dismiss for lack of personal jurisdiction, ECF No. 8. In response to the motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC"), ECF No. 9, as a matter of right. The Court accordingly dismissed the pending transfer and dismissal motions as moot. ECF No. 12. Defendant then filed the instant motion—as well as another motion to dismiss.[2] ECF Nos. 13 and 14.

---

[2] The Court need not determine whether it has personal jurisdiction over Defendant at this point because the decision it reaches here is not merit-based and does not involve its substantive law-declaring power. Considerations of convenience and judicial economy warrant considering the motion to transfer. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007); *see also Cray v. Raytheon Co.*, No. C15-1127-JLR, 2016 WL 3254997, at *2 n.4 (W.D. Wash. June 13, 2016) and *Strojnik v. Heart Tronics Inc.*, No. CV-09-0128-PHX-FJM, 2009

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 2**

**Legal Standard**

1. <u>First-to-File Rule</u>

The first-to-file rule provides that, when two "identical" actions are filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the lawsuit, and the second court should decline jurisdiction and either dismiss or transfer the second action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Dunn v. Hatch*, No. C14-01541-JPD, 2015 WL 5080483, at *2 (W.D. Wash. Aug. 27, 2015). The rule is intended to promote efficiency, and therefore "should not be disregarded lightly." *Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). However, the rule is not "rigid or inflexible," and should be applied "with a view to the dictates of sound judicial administration." *Id.* at 95. When applying the rule, courts should seek to maximize economy, consistency, and comity. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

In determining whether to apply the rule, the second court should consider (1) the chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Id.* Exact identity is not required; substantial similarity is sufficient. *Id.* at 1240-41. Exceptions to the rule include where the first suit demonstrates bad faith, anticipatory litigation, or forum shopping. *Alltrade*, 946 F.2d at 628. A court may, in its discretion, also decline to apply the rule in the interests of equity or where the 28 U.S.C. § 1404(a) factors weigh in favor of the later-filed action. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013); *Goldfield Corp. v. Hartford Acc. & Indem. Co.*, No. 14-CV-0134-TOR, 2014 WL 4060317, at *3 (E.D. Wash. Aug. 15, 2014).

2. <u>Section 1404</u>

---

WL 1505171, at *1 (D. Ariz. May 27, 2009). As stated above, the merits of Defendants' Motion to Dismiss will be addressed in a separate forthcoming Order.

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER \* 3**

Transfer is also available under 28 U.S.C. § 1404. A court may transfer any civil action to any other district where it might have been brought "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). The purpose of § 1404 transfer is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dussen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). Section 1404(a) effectively codified the doctrine of *forum non conveniens*, but allows for the direct transfer of a case from one federal court to another instead of dismissal of the action. *Atl. Marine Construction Co v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 60 (2013).

A case "might have been brought" in any forum that has both subject-matter and personal jurisdiction over the case and parties and would be a proper venue under § 1391(b). *See Hong v. Recreational Equipment, Inc.*, 2019 WL 5536406, at *2 (W.D. Wash. Oct. 25, 2019) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). Once this element is satisfied, courts faced with a motion to transfer should consider: (1) the convenience of the parties and the witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum and the feasibility of consolidation; (6) the relative congestion of the two courts; (7) the public interest in the local controversies; and (8) the relative familiarity of the two courts with the applicable law. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Additionally, a court may consider the location where relevant agreements were negotiated and executed, the respective parties' contacts with the forum, and the contacts relating to the plaintiff's cause of action. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The defendant bears the burden of establishing that transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The defendant must

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 4**

make a strong showing that inconvenience and the interests of justice warrant upsetting a plaintiff's choice of forum. *Decker*, 805 F.2d at 843. Transfer is inappropriate when it merely serves to shift inconvenience from one party to another. *Busbice v. Vuckovich*, 2017 WL 11558310, at *2 (C.D. Cal. Mar. 1, 2017). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

## Discussion

Defendant argues that this matter should be transferred to the Middle District of Tennessee because a similar action is already pending there—*Cruz v. Western Express, Inc.*, Case No. 3:19-CV-00575-AAT. Plaintiff in response argues that transfer is not warranted because the parties and issues raised are not sufficiently similar to warrant application of the rule. In the alternative, Defendant argues the Court should transfer this case to the Middle District of Tennessee in order to serve the convenience interests iterated in § 1404. For the reasons discussed below, the Court declines to transfer this case on either basis and accordingly denies the motion.

1. First-to-File Rule

Transfer based on the first-to-file rule is not warranted here. First, the parties agree that *Cruz* was filed first. Plaintiff filed his original complaint in this Court on September 1, 2020. The *Cruz* complaint was filed on July 9, 2019. *See* ECF No. 14-2 at 13.

The parties also seem to agree that the parties in this action and the *Cruz* actions are similar. In the context of class actions, the court should compare the putative classes, rather than the named plaintiffs, to determine whether the classes encompass at least some of the same individuals. *Edmonds v. Amazon.com, Inc.*, No. 19-CV-01613-JLR, 2020 WL 5815745, at *4 (W.D. Wash. Sept. 30, 2020). Defendant argues that the parties are similar because the proposed FLSA collective action class in each case covers the same or similar parties. It also argues that

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 5**

Plaintiff and his proposed class are potential opt-in plaintiffs to the *Cruz* class, and Plaintiff's proposed classes are entirely subsumed by the *Cruz* class. The *Cruz* class is composed of:

> All current and former "over the road" [employee] truck drivers of Defendant in the United States who work (or have worked) for the Defendant at any time during the applicable limitations period covered by this Collective Action Complaint (i.e., two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

ECF No. 14-2. Plaintiff's action proposes two classes: a Washington Class and a FLSA Class. The Washington Class is composed of:

> All current or former Washington residents who worked for Defendant as drivers at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class.

ECF No. 11 at ¶ 16. The FLSA Class is composed of:

> All current or former Washington residents who worked for defendants as drivers at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class.

*Id.* Based on these class definitions, the *Cruz* collective class would appear to encompass the proposed the Washington Class and the FLSA Class in this case. However, by the very nature of an FLSA collective action like the one conditionally certified in Cruz, Plaintiff would need to opt-in to the class, so he and his proposed classes are not automatically included in that case.

The parties dispute whether the claims in this case and in *Cruz* are similar enough to warrant application of the first-to-file rule. Defendant argues the issues are similar because both Plaintiff and the *Cruz* plaintiffs allege Defendant failed to pay minimum wages under the FLSA and both complaints advance the same 24-hour "on duty" theory. Unlike the *Cruz* plaintiffs, however, Plaintiff here

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 6**

alleges several claims under Washington law. However, that does not necessarily mean that the claims here are "not similar" to the FLSA claims in *Cruz*. Compare *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *3 (W.D. Wash. May 9, 2003) (finding that claims under the FLSA and the Washington Minimum Wage Act are substantially similar for purposes of the first-to-file rule) with *Edmonds*, 2020 WL 5815745, at *7 (finding that the issues were not substantially similar where the issue of joint employer liability was not in both cases). Instead, all that is required is that there is "substantial overlap" between the issues in each case. *Kohn Law Group*, 787 F.3d at 1240.

There is some overlap between the issues in this case and in *Cruz*. Both cases raise claims under the FLSA and fundamentally challenge Defendant's practice of paying drivers on a per-mile basis, allegedly depriving them of minimum wage, of payment for non-driving work, and requiring them to be "on duty" for over 24 hours. The fact that this case raises Washington state law claims does not preclude application of the first-to-file rule. *Walker*, 2003 WL 21056704, at *3; *Herrera v. Wells Fargo Bank, N.A.*, No. C-11-1485-SBA, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) (finding that the presence of California state law claims did not make two cases dissimilar for purposes of the first-to-file rule).

At their cores, both this action and the *Cruz* action arise out of Defendant's alleged practice of paying drivers per-mile and its alleged failure to pay drivers for non-driving work. However, as discussed below, because the § 1404 factors do not favor transfer and because application of the first-to-file rule is discretionary, the Court denies the motion to transfer this case based on the first-to-file rule.

2. Section 1404

In the alternative, Defendant argues the Court should transfer this case to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404. Plaintiff in response argues that the case should not be transferred on convenience grounds because his

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 7**

choice of forum is entitled to deference notwithstanding the fact that this case involves proposed classes, there is no valid forum selection clause requiring transfer, and because any inconvenience to Defendant in litigating the action in this Court is *de minimis* compared to the inconvenience he would suffer if the case were litigated in Tennessee.

First, the parties do not dispute that venue would have been proper in the Middle District of Tennessee or that this case could have been filed there originally. Thus, the Court need only consider the factors under § 1404 to determine whether transfer is warranted. As discussed below, the Court concludes that transfer under § 1404 is not warranted.

Several factors weigh in favor of transfer or are neutral. For example, although all of the physical evidence is maintained in Tennessee, the location of such evidence is not a significant barrier in the digital age, as records can be easily presented or sent in a digital format. *Peterson v. Nat. Sec. Tech., LLC*, No. 4:12-CV-05025-TOR, 2012 WL 3264952, at *6 (E.D. Wash. Aug. 9, 2012). Similarly, as demonstrated by the restrictions imposed by the ongoing COVID-19 pandemic, things like witness depositions and testimony can now be done digitally, weighing against a finding of convenience on the basis of the location of witnesses. Judicial economy and the comparative congestion of the two courts are also neutral, as each state has an interest resolving cases that impact their citizens. Finally, as discussed above, the possibility of consolidation exists, although it would require Plaintiff and the class to affirmatively opt into that collective action.

Despite this, the § 1404 factors on balance do not weigh in favor of transferring this case to the Middle District of Tennessee. Although Defendant is correct that a plaintiff who seeks to represent a class is not entitled to as much deference in his choice of forum, "courts have still given some deference to the named plaintiff's choice of forum where the plaintiff lived in the transferor district and the events at issue occurred in the transferor district." *Walters v. Famous*

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER * 8**

*Transports, Inc.*, --- F. Supp. 3d ---, 2020 WL 5653187, at *4 (N.D. Cal. Sept. 23, 2020). Plaintiff and all the members of his proposed class are Washington residents, and they allege violations of Washington law that occurred while they were working in Washington. This factor weighs against transfer. Furthermore, the convenience of parties and witnesses weighs against transfer because transfer would only serve to shift the burden of litigation from one party—Plaintiff and other truck drivers—to another—in this case, a large corporation. *Decker Coal*, 805 F.2d at 843. Furthermore, this Court is better prepared to apply Washington state law than its sister court in Tennessee, as this Court more frequently applies the Washington law that forms the majority of Plaintiff's claims. *See Hood River Distillers Inc. v. Sleepy Giant Beverage Co. Inc.*, No. 2:19-CV-00048-SMJ, 2019 WL 1923927, at *2 (E.D. Wash. Apr. 30, 2019).

Because the § 1404 factors on balance do not weigh in favor of transferring this action to the Middle District of Tennessee, the motion to transfer is therefore denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Transfer, ECF No. 14, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of February 2021.



                              Stanley A. Bastian
                        Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER \* 9**